Cooke, J.
(dissenting). The conviction should be reversed and a new trial ordered.
The majority itself concedes that the testimony of the uncharged crime was of a "highly prejudicial and inexcusably inflammatory” nature and states that it would have been so but for other evidence which overwhelmingly established defendant’s guilt. It is also conceded (p 208) that the "prosecution did transcend legitimate bounds by probing the lurid and intimate details of the uncharged sex crime.” I cannot agree, even in the presence of overwhelming proof of guilt, that such error was, or for various obvious reasons could be, harmless for it inevitably served to deprive defendant of a fair trial (see People v Trybus, 219 NY 18, 21).
Although others were allegedly involved in the robbery and burglary for which defendant was convicted, defendant was tried alone. The egregious nature of error as to the uncharged crime was compounded by the fact, as the majority notes (p 209), that "defendant was never identified by the victim as her molester.” It was exacerbated by the veiled hint in the prosecution summation that defendant may have been responsible for the sexual assault. Defendant’s counsel having objected to *210 the introduction of the proof of the sexual molestation, the error, together with its consequent ramifications, was preserved.
"The right to a fair trial is self-standing and proof of guilt, however overwhelming, can never be permitted to negate this right” (People v Crimmins, 36 NY2d 230, 238).
Chief Judge Breitel and Judges Jasen, Gabrielli and Jones concur with Judge Wachtler; Judge Cooke dissents and votes to reverse in a separate opinion in which Judge Fuchsberg concurs.
Order affirmed.